UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SCOTT TYNER                                                                                          PLAINTIFF

V.                                            CIVIL ACTION NO. 3:22-CV-257-KHJ-BWR

BURL CAIN, et al.                                                                                DEFENDANTS

ORDER

Before the Court is Magistrate Judge Bradley W. Rath's [86] Report and Recommendation ("Report"). For the following reasons, the Court adopts the Report and grants in part and denies in part Defendants' [57] and [79] Motions for Summary Judgment.

I.     Background

Plaintiff Scott Tyner filed this Section 1983 suit. Compl. [1] at 3. He is an inmate at East Mississippi Correctional Facility ("EMCF"), in the custody of the Mississippi Department of Corrections. *Id.* at 2. Tyner is suing Commissioner Burl Cain, Warden Donald Jackson, Unit Manager Loretta Crockett, and Management and Training Corporation ("MTC"). *Id.* at 2–3; Second Am. Compl. [47]. Defendants now move for summary judgment, arguing Tyner failed to exhaust his administrative remedies. *See* [58]; [81].

Tyner's initial Complaint focused on EMCF's alleged decision to permit smoking tobacco and other illicit drugs in his housing pod. [1] at 4. He claims the decision harmed him because it causes "cravings" as a former addict, threatens his

health, and the "smokes are annoying and stink." [1] at 5, 17; [25] at 30. In two later Amended Complaints, Tyner alleged that Defendants engaged in "conspiracy and fraud to deceive the employees of EMCF and its inmate[s] . . . into believing that smoking tobacco within the residential zones was legal behavior" and that EMCF is understaffed and has failed to manage the prison properly. First Am. Compl. [25] at 39; [47] at 3.

Before filing his lawsuit, Tyner filed two administrative complaints. [57-5]; [57-6] ¶¶ 8–9. He did not complete the administrative process for the first complaint, but he did for the second. [57-6] ¶¶ 8–9. Both complaints only addressed Tyner's concerns about the inmates smoking; they did not address Tyner's conspiracy, understaffing, or improper management claims. *See* [57-5] at 3, 10–12. Accordingly, the Magistrate Judge found that Tyner exhausted his administrative remedies for the smoking claims but not the conspiracy, understaffing, or improper management claims. [86] at 11–12.

II. Standard

The Court reviews de novo the portions of the Report and Recommendation to which Tyner objects, *see* 28 U.S.C. § 636(b)(1), and the remaining portions under a "clearly erroneous, abuse of discretion[,] and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406–07 (5th Cir. 1982)).

III. Analysis

Tyner concedes he "did not mention lack of staff or prison management in his grievance, his first Complaint[,] or first Amended Complaint." Objections [91] at 7. Still, he makes several objections to the Magistrate Judge's findings.

A. Objection 1

Tyner argues that "prison management, or mismanagement, is [an] overly broad concept to require exhausting in a prisoner's grievance." [91] at 3. But "[e]xhaustion is mandatory for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes . . . .'" *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Tyner's first objection fails.

B. Objection 2

Tyner next argues that he should be held to a "less stringent standard" because he is a pro se prisoner. [91] at 5–9. Tyner correctly states that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." [91] at 6 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the issue here is not Tyner's Complaint; it is his failure to exhaust his administrative remedies before filing his Complaint. The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (quotation omitted). "[D]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance

process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Tyner's second objection fails.

### C. Objection 3

Tyner next argues the Court should "view [his] lack of staff and prison management [claims] as possible forms of remed[ies]," which do not require exhaustion. [91] at 9. As stated above, the Court lacks the discretion to excuse Tyner's failure to exhaust. It cannot simply reframe his claims as remedies to bypass the exhaustion requirement. Tyner's third objection fails.

### D. Objection 4

Tyner next argues he should not have to exhaust his understaffing and mismanagement claims because EMCF's grievance procedures were not "capable of use." [91] at 9–15, 19–22.

Despite the Fifth Circuit's "strict approach" to the exhaustion requirement, "an inmate is required to exhaust . . . only those[] grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)). A grievance procedure is not capable of use "where (1) prison officials are 'unable or consistently unwilling to provide any relief to aggrieved inmates,' (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use' by an ordinary prisoner, or (3) prison administrators 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation,

or intimidation.'" *Hinton v. Martin*, 742 F. App'x 14, 15 (5th Cir. 2018) (per curiam) (quoting *Ross*, 578 U.S. at 643–44).

Tyner alleges he submitted 12 grievances to EMCF from February 2022 to March 2023, but EMCF failed to respond. [91] at 12–13; [91-1] at 3. He contends that EMCF's failure to respond to his grievances proves that prison officials were unwilling to provide any relief or were thwarting inmates from taking advantage of the grievance process. *See* [91] at 15 (stating that EMCF's loss of his grievances violates either "Ross I" or "Ross III"). But Tyner's argument fails for two reasons. First, Tyner filed seven of the 12 grievances after filing this lawsuit. *See* [91-1] at 3. He cannot argue that a grievance process was unavailable when he did not start the process until after he filed his lawsuit.

Second, EMCF responded to Tyner's other five grievances on April 13, 2022, and June 21, 2022. [91-1] at 3, 5, 7. EMCF informed Tyner it had received his grievances and asked him "to be patient" because it was "working hard" to review all prisoners' grievances. *Id.* at 5, 7. Rather than waiting, Tyner filed suit on May 13, 2022. *See* [1]. Tyner's failure to give EMCF time to respond to his grievance before suing undermines the Prison Litigation Reform Act, which "attempts to eliminate unwarranted federal-court interference with the administration of prisons . . . [by] 'afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Nussle*, 534 U.S. at 525).

Tyner also contends that EMCF's grievance procedure is "so opaque" that it is incapable of use. [91] at 19–22. But EMCF's inmate handbook provides detailed instructions on filing administrative grievances. *See* [57-4] at 17–18. He argues that "the instructions in the [handbook] are at times wrong, misleading, confusing[,] and untrue," but he provides no evidence or explanation to support his contention. *See* [91] at 20.[1] Additionally, Tyner's successful filing of over a dozen grievances shows that EMCF's procedure is not "so opaque" to make it incapable of use. Tyner's fourth objection fails.

### E. Objection 5

Finally, Tyner argues that, "because conspiracy is a legal theory, [he] does not have to exhaust it in a grievance." [91] at 15–19. He is somewhat correct. "[T]here is authority from several courts to the effect that a prisoner, who is of course typically uncounseled, need not present legal theories in his grievances." *Johnson v. Johnson*, 385 F.3d 503, 517–18 (5th Cir. 2004) (citing cases). But this does not excuse the requirement that prisoners must "alert prison officials to a problem and give them an opportunity to address it." *Id.* Tyner did not allege facts in his grievances to put prison officials on notice of an unlawful agreement. [57-5] at 3, 10-13. Therefore, Tyner did not exhaust his administrative remedies for his conspiracy claim. *See, e.g.*, *Magee v. Perry*, No. 20-60349, 2021 WL 3854777, at *2 (5th Cir. Aug. 27, 2021) (requiring a grievance to alert "officials in a manner

---

[1] Although the government has the burden to prove Tyner did not exhaust his administrative remedies, it is not the government's burden "to prove that the administrative remedies were available to him." *Stilley v. Garland*, No. 21-60022, 2022 WL 1568363, at *3 (5th Cir. May 18, 2022) (per curiam).

sufficiently specific to allow the officials to address or remedy the discrete problem of which the prisoner complains" (quoting *Johnson*, 385 F.3d at 522)). Tyner's fifth objection fails.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court adopts Magistrate Judge Bradley W. Rath's [86] Report and Recommendation. It GRANTS in part and DENIES in part Defendants' [57] and [79] Motions for Summary Judgment. Tyner's claims for understaffing, improper management, and conspiracy are DISMISSED without prejudice. His other claims remain in this case.

SO ORDERED AND ADJUDGED, this 24th day of August, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE