IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SCOTT TYNER**                                                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:22-cv-00257-KHJ-BWR**

**BURL CAIN, et al.**                                                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION ON MOTION [65] FOR PROTECTIVE ORDER

BEFORE THE COURT is *pro se* Plaintiff Scott Tyner's unopposed Motion [65] for Protective Order.  Plaintiff asks the Court for an order to (1) protect himself, other inmates, and "potential witnesses" in this case "from threats and retribution;" (2) to prevent the spoilation of evidence; and (3) to prevent Plaintiff and "potential inmate witnesses" from being relocated from East Mississippi Correctional Facility ("EMCF") for "nefarious reasons," including the frustration of this litigation.  Mot. [65] at 7.  Plaintiff avers that these protections are necessary to safeguard his First, Fifth, and Fourteenth Amendment rights—including his right and the rights of others to give "honest testimony against the government."  Mem. [66] at 9-10.  Plaintiff believes that a historical pattern of abuses at EMCF demonstrates some likelihood that Defendants will destroy evidence, prevent witnesses from testifying, or otherwise manipulate this litigation in their favor.  *See generally* Mem. [66].  For the following reasons, the undersigned recommends that Plaintiff's Motion [65] for Protective Order be denied.

In support of his request, Plaintiff offers the Court a collection of incidents—allegedly suffered by himself and other inmates—to illustrate "a culture of disregard

toward the law" fostered by employees at EMCF. Mem. [66] at 18. For example, Inmate Casey Burgess testified by affidavit that his cell mate once attacked him and stole his light fixture, which EMCF employees subsequently refused to replace. *Id.* at 19. Inmate Leslie Sonnier testified by affidavit that Defendant Crockett once asked him to "sign [a form] indicating [that he had] been given urinalysis drug tests, [and] then no [sample] [was] taken." *Id.* at 20. And inmate Milton Watts testified by affidavit that "he has witnessed several inmates [being] moved to bad zones after complaining about the misconduct of other inmates or employees." *Id.* at 24.

For himself, Plaintiff avers that EMCF employees once threatened "to move [him] to a bad zone . . . if [he] kept whining and complaining and writing all that paper," but he admits that "nothing happened to him" in the end. *Id.* at 21-22. Plaintiff says that he was once assaulted for "snitching," though it is unclear what offense he reported. *Id.* at 23. Plaintiff also complains that certain inmates hoard sugar "to make liquor in homemade stills," and the chaplain once quit when he did not receive a paycheck. *Id.* at 27-28. Finally, Plaintiff recalls an investigation performed by the Department of Justice at the Mississippi State Penitentiary ("Parchman")—finding "severe" and "systemic" problems there. *Id.* at 32. And Plaintiff insists that EMCF suffers many . . . problems like those . . . [at] Parchman." *Id.* at 33.

To start, Plaintiff's Motion [65] is styled as a request for protective order, but he seeks injunctive relief. *See* Injunction Definition, *Black's Law Dictionary* (11th ed.

2019), *available at* Westlaw (defining "injunction" as "[a] court order commanding or preventing an action"). The undersigned recommends that Plaintiff's request be construed accordingly. "A party requesting a . . . preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest." *White v. King*, No. 2:07-cv-00305-MTP, 2008 WL 907662, at *1 (S.D. Miss. Apr. 2, 2008). The undersigned finds that Plaintiff has failed to satisfy the first and second elements, so a detailed analysis of the other two is unnecessary. *See Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 352 (5th Cir. 2012).

For the most part, the incidents and allegations described in his Motion [65] are unrelated to the claims raised in Plaintiff's Complaint [1], Amended Complaint [25], and Second Amended Complaint [47]. To the extent these new claims are not completely unrelated to the existing claims, the allegations presented in this Motion [65] do not prove that Plaintiff's evidence is in danger of destruction or that he is otherwise unable to prosecute this case because of his placement at EMCF. At most, Plaintiff speculates that he may suffer some reprisal for pursuing this lawsuit, which is insufficient to justify the entry of injunctive relief. *See Winter v. Nat'l Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based

3

only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Rather, attached to this Motion [65] are witness affidavits and other documentary evidence that Plaintiff collected to support his legal arguments—proving that the ordinary process for making a civil case is available to Plaintiff, despite his housing. In fact, during the course of this entire litigation, Plaintiff has demonstrated no difficulty in recording his arguments and evidence and presenting them to the Court.

The undersigned thus recommends that Plaintiff's Motion [65] be denied insofar as he requests an order preventing "threats and retribution" against himself and prospective witnesses. *See* Mot. [65] at 7. Again, Plaintiff does not specify who *might* assail him with "threats and retribution," preventing the Court from aiming any injunctive mandate at the appropriate person or entity. *See id.* The undersigned also recommends that Plaintiff's Motion [65] be denied insofar as he requests an order preventing the Mississippi Department of Corrections from moving him and other inmates away from EMCF. *Id.* The undersigned would decline to interfere with custodial decisions based on nothing more than Plaintiff's as-yet-unproven intuition that his housing may somehow impact this lawsuit.

In the interest of fairness, the Court recognizes Plaintiff's concern about the spoliation of evidence. But "[t]he parties are already required to generally preserve

4

relevant evidence, and Plaintiff has provided no good cause for the Court to require any additional protections at this time." *See Pace v. Cirrus Design Corp.*, No. 2:22-cv-00046-KS-MTP, 2022 WL 19731887, at *1 (S.D. Miss. Aug. 5, 2022). The undersigned thus recommends that Plaintiff's Motion [65] also be denied insofar as he requests an order preventing the manipulation or destruction of relevant evidence.

## RECOMMENDATION

Plaintiff Scott Tyner's Motion [65] for Protective Order should be **DENIED**.

## NOTICE OF RIGHT TO APPEAL OR OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L.U.Civ.R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general

5

objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

    **SIGNED**, 1st day of November, 2023.

                                                             *s/* *Bradley W. Rath*
                                                        BRADLEY W. RATH
                                                        UNITED STATES MAGISTRATE JUDGE