UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SCOTT TYNER                                                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:22-CV-257-KHJ-BWR

BURL CAIN, et al.                                                                                            DEFENDANTS

ORDER

Before the Court is Magistrate Judge Bradley W. Rath's [108] Report and Recommendation. For the following reasons, the Court adopts the Report in part and denies the Report in part.

I.     Background

Pro se Plaintiff Scott Tyner, an inmate at East Mississippi Correctional Facility (EMCF), filed this Section 1983 suit against Commissioner Burl Cain, Warden Donald Jackson, Unit Manager Loretta Crockett, and Management and Training Corporation. Compl. [1] at 2–3; Second Am. Compl. [47] ¶¶ 1–2. Tyner alleges that the Defendants, by permitting other inmates to smoke and use illicit drugs in his housing pod, violated his constitutional right to a "safe, non-toxic environment." [1] at 9; *see also* Order [94] at 1–2, 7 (dismissing other claims without prejudice for failure to exhaust administrative remedies).

Tyner seeks an order "to (1) protect himself, other inmates, and 'potential witnesses' in this case 'from threats and retribution;' (2) to prevent the [spoliation] of evidence; and (3) to prevent [Tyner] and 'potential inmate witnesses' from being

relocated from [EMCF] for 'nefarious reasons,' including the frustration of this litigation." [108] at 1 (quoting [65] at 7). The Magistrate Judge recommends that the Court construe Tyner's motion as a request for a preliminary injunction and deny it. *Id.* at 2–3, 5.

II.   Standard

The Court reviews de novo the portions of the Report and Recommendation to which Tyner objects, *see* 28 U.S.C. § 636(b)(1), and the remaining portions under a "clearly erroneous, abuse of discretion[,] and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406–07 (5th Cir. 1982)).

III.   Analysis

Tyner's responses to the Report are short on specific objections and teeming with anecdotes about his time at EMCF and South Mississippi Correctional Institute. *See* Obj. [111]; Tyner Decl. [112]; Suppl. Obj. [114]; Second Suppl. Obj. [120]. The Court need not consider "[f]rivolous, conclusive or general objections . . . ." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quoting *Nettles v. Wainwright*, 667 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). The Court considers only the specific findings, conclusions, and recommendations to which Tyner objects.

### A. Retaliation Against Inmate Witnesses

Tyner objects to the Report's construction of his [65] Motion for Protective Order as a request for a preliminary injunction. *See* [111] at 2, 11; [114] at 12. Tyner states that he "did not request an injunction," so he "never put forth arguments to satisfy those requirements." [111] at 11. As it relates to Tyner's first request in his motion—a court order to "protect the plaintiff class . . . and any other potential witnesses from threats and retribution"—Tyner's objection has some merit. [65] at 7.

Tyner cites *Dockery* in support of his [65] motion. *See* Supp. Mem. [66] at 11. In *Dockery*, a class of plaintiffs sued state corrections officials and sought injunctive relief based on confinement conditions at EMCF. *See Dockery v. Hall*, 443 F. Supp. 3d 726 (S.D. Miss. 2019).[1] Early in the litigation, the *Dockery* plaintiffs moved for a protective order to "protect witnesses from violence, intimidation and retaliation." Mot. for Protective Order [8] at 3, *Dockery v. Epps*, No. 3:13-CV-326 (S.D. Miss. May 30, 2013). The defendants opposed the order, arguing that the preliminary injunction standard applied and that the plaintiffs "have not attempted to meet the elements required for issuance of a preliminary injunction . . . ." *See* Defs.' Resp. in Opp. [32] at 13–14, *Dockery*, No. 3:13-CV-326. The plaintiffs responded that the standard governing motions for preliminary injunctions does not apply to protective orders requesting protection from retaliation and that the Court had ample

---

[1] The plaintiffs in *Dockery* sued several MDOC officials, including Christopher Epps in his then-official capacity as state-appointed Commissioner of the MDOC. While suit was pending, Pelicia Hall was appointed Commissioner. *See id.* at 733.

3

discretion to issue such an order under Federal Rule of Civil Procedure 23(d) (power to regulate class actions), 28 U.S.C. § 1651 ("All Writs Act"), or the inherent powers of the federal courts. *See* Pls.' Reply [39] at 6–9, *Dockery*, No. 3:13-CV-326. The plaintiffs cited the First Circuit in support of their argument that a lesser standard applies in this narrow context:

> The findings necessary to support such a protective order are simply that the plaintiffs reasonably fear retaliation and that the court's fact-finding may be materially impaired unless there is provided the tangible protection of a suitable court order. Normally, perhaps, in order to show that retaliation is reasonably feared it might be necessary to show that it was objectively probable; however, in a prisoner setting, given the charges and counter-charges revealed here, a court might well conclude that an inmate would be fearful of retaliation even without an entirely objective basis: rumor, suspicion, and the dependency of the inmate might parlay even a low objective probability of misconduct into a substantial subjective fear.

*Id.* at 8 (quoting *Ben David v. Travisono*, 495 F.2d 562, 564 (1st Cir. 1974)); *see also Adams v. NaphCare, Inc.*, No. 2:16-CV-229, 2016 WL 10492102, at *9–10 (E.D. Va. July 25, 2016); *Disability Rts. N.J., Inc. v. Velez*, Civ. No. 10-3950, 2011 WL 2937355, at *4–5 (D.N.J. July 19, 2011).

The *Dockery* court presumably agreed with the plaintiffs' request for a lower standard, as it granted their motion for a protective order without change and without analysis under the stringent preliminary injunction standard. *See* Protective Order [63], *Dockery*, No. 3:13-CV-326; *cf. Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012) ("[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party

4

seeking it has clearly carried the burden of persuasion on all four requirements.") (internal quotation marks and citation omitted).

Unlike in *Dockery*, the Defendants here declined to even respond to Tyner's request for a protective order. And Tyner has offered some evidence that he and other inmate witnesses "reasonably fear retaliation" for airing their grievances. *Adams*, 2016 WL 10492102, at *10 (citing *Ben David*, 495 F.2d at 564). For example, Milton Watts testified by affidavit that he "know[s] of several inmates" who have been "moved to a worse zone or a whole other unit" after complaining about the misconduct of other inmates or employees. Watts Aff. [66-7]. In another affidavit, Leslie Sonnier testified that "[i]f [he] didn't have such little time left, [he] might not sign this affidavit out of fear of retaliation." Sonnier Aff. [66-3] at 3. Tyner himself claims that Defendant Crockett once threatened "to move [him] to a bad zone . . . if [he] kept 'whining and complaining and writing all that paper.'" Pl.'s Supp. Mem. [66] at 21. Tyner also describes other times when he believes EMCF employees punished him for snitching. In one incident, Tyner alleges staff put him in segregation for snitching on his rackmate for smoking. [111] at 6. In another, he alleges guards physically assaulted him for being a "snitch." Req. for Admin. Remedy [66-5] at 3–5; *see also* [111] at 15.

Defendants have not attempted to rebut these allegations. But the Court cannot conclude, based on the evidence presented so far, that its "fact-finding may be materially impaired unless there is provided the tangible protection of a suitable court order." *Adams*, 2016 WL 10492102, at *10 (citing *Ben David*, 495 F.2d at 564).

5

Accordingly, the Court denies Tyner's first request in his [65] motion—a court order to "protect the plaintiff class . . . and any other potential witnesses from threats and retribution"—without prejudice. *See* [65] at 7. As explained below, the Court adopts the rest of the Report in full and denies the other relief Tyner requests with prejudice.

Tyner may re-urge his motion only to the extent that it seeks narrow protection from reprisal for participation in this litigation. He may try to show why the Court should grant such an order under the following standard: (1) the plaintiffs or witnesses "reasonably fear retaliation" and (2) "the court's fact-finding may be materially impaired unless there is provided the tangible protection of a suitable court order." *Ben David*, 495 F.2d at 564. In doing so, Tyner must specifically show how the evidence he offers satisfies this standard in this lawsuit against these Defendants. *See Velez*, 2011 WL 2937355, at *5 ("While the rational fears of a witness may be grounds for relief, it would be inappropriate to issue an order based solely upon irrational fears or mere conjecture."). Tyner will have 14 days from receipt of this Order to re-urge his motion. The Defendants will have seven days to respond.

      B. Other Objections

The Court finds that the rest of Tyner's objections lack merit. First, on his request for an order to prevent spoliation of evidence, Tyner offers little more than an anecdote about an inmate who lost an opportunity to receive a Bible degree because of staff's mishandling of old records. *See* [114] at 4–7. "The parties are

already required to generally preserve relevant evidence, and Plaintiff has provided no good cause for the Court to require any additional protections at this time." See *Pace v. Cirrus Design Corp.*, No. 2:22-CV-46, 2022 WL 19731887, at *1 (S.D. Miss. Aug. 5, 2022). The Court thus denies Tyner's [65] motion with prejudice insofar as he requests an order preventing the manipulation or destruction of relevant evidence.

Lastly, the Court denies Tyner's [65] motion with prejudice insofar as he requests an order preventing his and other inmates' transfer from EMCF. "Defendants enjoy an unusually high level of deference from the courts in relation to their penological decisions to transfer inmates." *Pinson v. U.S. Dep't of Just.*, 273 F. Supp. 3d 1, 12 (D.D.C. 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 361 (1996)). The Court "decline[s] to interfere with custodial decisions based on nothing more than [Tyner]'s as-yet-unproven intuition that his housing may somehow impact this lawsuit." [108] at 4.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court adopts in part and denies in part the Magistrate Judge's [108] Report and Recommendation. The Court DENIES WITHOUT PREJUDICE Tyner's [65] motion insofar as it requests an order preventing threats and retribution against himself and prospective witnesses. The Court will allow Tyner 14 days from receipt of this Order to put forth his best case

that such a narrow order should be granted under the standard articulated in this Order. The Defendants will have seven days to respond.

The Court adopts the rest of the [108] Report in full and DENIES WITH PREJUDICE Tyner's [65] motion insofar as it relates to spoliation and transfer.

SO ORDERED, this 13th day of February, 2024.

s/ <i>Kristi H. Johnson</i>  
UNITED STATES DISTRICT JUDGE